Timothy A. Chandler Bar No: 70426
223 First Avenue
West Haven, CT 06516
Telephone: (203) 992-2165

Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY A. CHANDLER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Dassaev Valdivia, an individual, Legal Recovery Law Offices, Inc., a California Corporation, Mark Walsh, an individual, Patenaude & Felix, A.P.C., a Professional Law Corporation, and Does 1 through 10.<br><br>Defendants. | Case No.<br><br>11 CV 1146 WWE<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

Plaintiff Timothy A. Chandler, hereby sues Defendants Dassaev Valdivia, an individual, Legal Recovery Law Offices, Inc., a California Corporation Mark Walsh, an individual collection attorney, Patenaude & Felix, A.P.C., a Professional Law Corporation, and Does 1 through 10 (collectively referred to as "Defendants") and alleges as follows:

### Nature of Action

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, et. seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. On September 15, 2010, Plaintiff received a letter from the Law Offices of

Patenaude & Felix, A.P.C., a Professional Law Corporation, seeking payment of a debt allegedly owed to National Collegiate Trust. The letter demanded $52,906.38 as payment. The letter stated: "Unless you notify this office within Thirty (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within Thirty (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office within Thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

3. Within thirty days of receiving this letter from Patenaude & Felix, A.P.C., Plaintiff sent a letter to Patenaude & Felix, A.P.C. disputing the validity of the debt, and demanding that Patenaude & Felix, A.P.C. verify the debt it was seeking to collect. Patenaude & Felix, A.P.C. never responded to Plaintiff's demand for verification. Within weeks, Plaintiff was contacted by letter at his Connecticut residence by the Connecticut Law Offices of Howard Lee Schiff demanding payment of same debt allegedly owed to National Collegiate Trust. On February 1, 2011, before Plaintiff responded to Law Offices of Howard Lee Schiff, Plaintiff was sued by Legal Recovery Law Offices, Inc. in San Diego Superior Court.

4. Defendant Legal Recovery Law Offices, Inc. and Patenaude & Felix, A.P.C. were required by FDCPA to send a 30 day letter demanding payment and/or a letter verifying the alleged debt to National Collegiate Trust to Plaintiff before filing its lawsuit against Plaintiff.

COMPLAINT FOR DAMAGES

5. This is an action in which defendant, Dassaev Valdivia, a registered California process server, falsely claims to have personally served plaintiff with a summons and complaint for damages in La Mesa, California, on March 02, 2011. Defendant Valdivia acted under the direction of, and in concert with, defendant Legal Recovery Law Offices, Inc. and Patenaude & Felix, A.P.C., to proceed with a false affidavit in order to obtain jurisdiction and a judgment over Plaintiff in an inconvenient forum. In fact, Plaintiff, who resides in Connecticut, was never personally served with a summons and complaint for damages by Dassaev Valdivia.

### Jurisdiction and Venue

6. The jurisdiction of this court is predicated on 28 U.S.C. §1331, because this civil action arises under the laws of the United States. This action arises under federal law, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

7. Venue is proper under 28 U.S.C. §1391(b) in the United States District Court for District of Connecticut because Plaintiff resides in this jurisdiction and some of the events at issue occurred in this jurisdiction and venue.

### The Parties

8. Plaintiff is a natural person residing in West Haven, Connecticut, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is alleged to be a debtor as defined by Cal. Civ. Code 1788.2(h).

9. Defendant Mark Walsh is an attorney debt collector doing business in San Diego, California at the address of 5030 Camina de la Siesta Suite 340 San Diego, CA. 92108.

10. Defendant Dassaev Valdivia is a registered California process server,

Registration Number 1664, doing business in San Diego, California, at the location of 2900 Fourth Avenue Suite #206, San Diego, California 92103.

11. Defendant Legal Recovery Law Offices, Inc., is a California debt collector and corporation doing business in San Diego, California at the address of 5030 Camina de la Siesta Suite 340 San Diego, CA. 92108.

12. Defendant Patenaude & Felix, A.P.C., is a Professional Law Corporation and a debt collector doing business in San Diego, CA. at 4545 Murphy Canyon Road 3rd floor, San Diego, CA. 92123,

13. The true names and capacities of the Defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believe, and on that basis alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff, as herein alleged.

14. At all times herein mentioned, each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency and/or employment.

## FIRST CAUSE OF ACTION

### For Fraud

15. Plaintiff incorporates by reference, paragraphs 1-14 above.

16. On or about March 3, 2011, defendant Dassaev Valdivia committed fraud against plaintiff by preparing a fraudulent proof of service. In the fraudulent proof of service, defendant Dassaev Valdivia falsely claims, under penalty of perjury, to have personally served plaintiff with a summons and complaint for damages in La Mesa, California, on March 2, 2011. In fact, plaintiff, who resides in West Haven, Connecticut, was never personally served with a summons and complaint for damages by defendant Dassaev Valdivia, and was not at the location in California where defendant claimed to have served Plaintiff, at the alleged date and time of service.

17. Defendant Dassaev Valdivia knew, at the time he prepared the proof of service, that he had never personally served plaintiff with a summons or a complaint. Defendant Dassaev Valdivia knew, and intended, that his false proof of service would be filed with the San Diego Superior Court of California. Defendant Dassaev Valdivia knew, and intended, that his false proof of service would be relied upon by a Superior Court judge, as evidence that plaintiff had been served with the summons and complaint. Defendants Legal Recovery Services and Mark Walsh agreed together, in advance, to file the false proof. Defendants have a pattern of not personally serving consumers, but claiming in court that they did.

18. By committing the acts described in paragraphs 1-3 above, defendant Dassaev Valdivia caused the California Superior Court judge to assert jurisdiction over plaintiff, and defendant Dassaev Valdivia caused plaintiff to suffer damages, including California

Superior Court first appearance fees, filing fees, attorney's fees, and other fees and expenses, required to file a motion for lack of jurisdiction and a motion for forum non-conveniens in California Superior Court. Defendants conspired together to ignore Plaintiff's letter demanding verification of the debt, and to file a false proof of service to force Plaintiff into court, illegally.

19. Defendant Patanaude & Felix and Legal Recovery Law Offices, Inc., was provided with proof of plaintiff's Connecticut residence. They were also informed that its process server filed a false proof of service. Defendants did not oppose plaintiff's motion to dismiss for lack of jurisdiction, but continued to assert that the proof of service was valid and that the court should exercise jurisdiction over plaintiff based on the proof of service. By doing so, defendant Legal Recovery Law Offices, Inc. conspired with defendant Dassaev Valdivia to convince the Superior Court of California assert jurisdiction over plaintiff in Case No. 37-2011-00065849, based on a fraudulent proof of service.

## SECOND CAUSE OF ACTION

### For Violations of the Unfair Debt Collection Practices Act

### 15 U.S.C. §1692

20. Plaintiff incorporates by reference, paragraphs 1-19 above.

21. At all relevant times herein, Defendant Legal Recovery Law Offices, Inc. was a company engaged by the use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt" defined by 15 U.S.C. §1692a(5), and a "consumer debt" as defined by Cal. Civil Code § 1788.2(f). Defendant Legal Recovery Law Offices, Inc. regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

22. At all relevant times herein, Defendant Patenaude & Felix A.P.C. was a company engaged by the use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt" defined by 15 U.S.C. §1692a(5), and a "consumer debt" as defined by Cal. Civil Code § 1788.2(f). Defendant Patenaude & Felix A.P.C. regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

23. It is an unfair debt collection practice to file a false proof of service, for the purpose of securing a judgment against a consumer, in a state where he does not reside. 15 U.S.C. §1692. Defendants Dassaev Valdivia and Legal Recovery Law Offices, Inc committed unfair debt collection acts, in violation of 15 U.S.C. §1692, by preparing and filing a fraudulent proof of service, for the purpose of securing a judgment against plaintiff, while knowing that defendant Dassaev Valdivia had not personally served plaintiff with a summons or complaint in California.

24. Defendant Patenaude & Felix, A.P.C., violated the unfair debt collections act by authorizing defendant Legal Recovery Law Offices, Inc. to file a lawsuit against plaintiff, after receiving plaintiff's dispute of the validity of the debt, and request for validation of the debt, which is dated October 9, 2010. Defendant Patenaude & Felix, APC failed to provide validation of the debt, before proceeding with a lawsuit against plaintiff, thereby violating the fair debt collection practices act.

25. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, each of them, as follows:

1. Judgment against Defendants for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

2. Judgment against Defendants for actual damages pursuant to California Civil Code §1788.30(a), statutory damages for a knowing and willful violation in an amount up to $1,000 pursuant to California Civil Code §1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code §1788.30(c).

3. Punitive damages in the amount of $500,000.

4. For prejudgment interest, according to law;

5. For such other legal and equitable relief as the Court deems just and proper.

Respectfully Submitted:

DATED: July 18, 2011          BY: _____

Timothy A. Chandler
Pro Se Plaintiff